UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—
GENERAL

| Case No. | 5:25-cv-03597-SSS-BFM | Date | January 7, 2026 |
|---|---|---|---|
| Title | *Roberto Carlos Rivas Martinez v. Ernesto Santacruz Jr. et al.* | | |

Present: The Honorable    SUNSHINE S. SYKES, UNITED STATES DISTRICT JUDGE

| Irene Vazquez | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:   (IN CHAMBERS) ORDER GRANTING PETITIONER'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER [DKT. NO. 4]**

Before the Court is Petitioner's ex parte Application for a Temporary Restraining Order ("TRO") filed on December 31, 2025. [Dkt. No. 4]. Respondents filed their Opposition to the TRO on January 6, 2026. [Dkt. No. 10, "Opposition" or "Opp."]. For the following reasons, the Court **GRANTS** Petitioner's TRO.

## I.    BACKGROUND

Petitioner Roberto Carlos Rivas Martinez is an El Salvadorian foreign national who has been in immigration detention since September 12, 2025. [Dkt. No. 1 at 5, "Habeas Petition"]. Petitioner is currently detained at the Adelanto Detention Facility in Adelanto, California, is in pending removal proceedings, and have been denied the opportunity to be released on bond by the Executive Office for Immigration Review. [*Id.* at 2–3].

Moreover, Petitioner alleges membership in in the recently certified class in *Maldonado Bautista v. Santacruz*. *Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3288403 (C.D. Cal. Nov. 25, 2025).[1]  [Habeas Petition at 6].

The troubling circumstances surrounding the refusal by executive agencies to provide Petitioner as well as those in the Bond Eligible Class with bond hearings are all too familiar with this Court.  *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3289861 at *11 (C.D. Cal. Nov. 20, 2025) (granting partial summary judgment finding the DHS Policy denying bond hearings contrary to the INA); *Salgado Valenzuela v. Semaia*, 5:25-cv-02853-SSS-RAO (C.D. Cal. Nov. 25, 2025) (granting a petitioner's TRO on the same issue); *Lopez Pop v. Noem*, 5:25-cv-02589-SSS-SSC (C.D. Cal. Oct. 3, 2025) (granting a TRO on the same issue); *Huerta Estrada v. Noem*, 5:25-cv-03271-SSS-BFM (C.D. Cal. Dec. 10, 2025) (same).

On December 30, 2025, Petitioner filed this petition seeking a writ of habeas corpus.  [*See generally* Habeas Petition].  Petitioner alleges his continued detention violates the Immigration and Nationality Act ("INA") and seeks relief consistent

---

[1] This Order uses the term "noncitizenship" in place of "alienage" and "noncitizen" in place of "alien."  The Court follows the U.S. Supreme Court and Ninth Circuit, where the use of the term "noncitizen" has become a common practice.  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2, (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).  Additionally, this Court thinks it is prudent to "avoid language that reasonable readers might find offensive or distracting—unless the biased language is central to the meaning of the writing." *Chicago Manual of Style Online* 5.253, https://www.chicagomanualofstyle.org/book/ed17/part2/ch05/psec253.html.  As noted by the Ninth Circuit, "[t]he word alien can suggest 'strange,' 'different,' 'repugnant,' 'hostile,' and 'opposed[.]'" *Avilez*, 69 F.4th at 527 n.1 (citing *Alien*, *Webster's Third New International Dictionary* 53 (2002)).  Accordingly, because the word "noncitizen" is synonymous and does not encompass such negative connotations, the Court finds "noncitizen" is a better word choice.  *See Alien* and *Noncitizen*, *American Heritage Dictionary of English Language* 44, 1198 (5th ed. 2011).

with this Court's Order in *Maldonado Bautista* in the form of release or a bond hearing. [*Id.* at 6–7].

After filing his Habeas Petition, Petitioner also filed an Application for a TRO. [*See generally* Dkt. No. 4-1, "Application" or "App."]. Petitioner's Application for a TRO seeks an order requiring Respondents to provide him with an individualized bond hearing before an immigration judge pursuant to § 1226(a). [App. at 22; Dkt. No. 4-5 at 2].

Respondents do not expressly oppose the TRO, and merely state that they "acknowledge that Petitioner's claim in this action . . . appear to be subject to the *Bautista* judgment and to any applicable appellate proceedings relating to it. [Opp. at 2]. Because Respondents request that the Court issue the relief generally ordered in similar cases—that a bond hearing be held within seven days—the Court finds the Petitioner's TRO to be unopposed. Therefore, the Court **GRANTS** Petitioner's TRO.

In accordance with the parties' briefings, it is **ORDERED THAT**:

- Respondents are enjoined from continuing to detain Petitioner unless they are provided with individualized bond hearings before an immigration judge pursuant to 8 U.S.C. § 1226(a) within 7 days of the date of this Order;

- Consistent with the Court's previous order from January 16, 2026, Respondents are enjoined from transferring, relocating, or removing Petitioner from the Central District of California without further order of the Court and pending final resolution of this litigation. [*See* Dkt. No. 8].

This Order shall be in effect **until January 23, 2026**. The Court **ORDERS** Respondents **TO SHOW CAUSE** as to why a preliminary injunction should not issue. Respondents shall file any response by **Friday January 16, 2026**, and Petitioner shall file any reply by noon on **Wednesday January 21, 2026**. The Court **SETS** a hearing in person on whether a preliminary injunction should issue on **January 23, 2026 at 2:00 PM,** in Courtroom 2, on the 2nd Floor of the George E. Brown, Jr. Federal Building and United States Courthouse at 3470 Twelfth Street, Riverside, California 92501.

**IT IS SO ORDERED**.